UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE J. HICKLES,

    Plaintiff,

v.                                           Case No. 06-C-0032

KURT BENKLEY, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Willie J. Hickles, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Fox Lake Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $57.38.[2] Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed in forma pauperis therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co.*

---

[2]On February 15, 2006, the court entered an order permitting plaintiff to pay from his release account whatever portion of his initial partial filing fee he could not pay from his regular account. As of March 31, 2006, the court had received the entire initial partial filing fee.

*v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

On January 28, 2002, plaintiff entered a plea of no contest to one count of arson of a building with intent to defraud, contrary to Wis. Stat. § 943.02(1)(b), and one count of second-degree recklessly endangering safety, contrary to Wis. Stat. § 941.30(2). He received a sentence of ten years imprisonment. Plaintiff now contends that Defendant Kurt Benkley, the prosecutor, and Defendant Antonio Martinez, the investigating agent, suborned a false statement from plaintiff's nephew and doctored the evidence against him. Plaintiff apparently found this false evidence so compelling that he declined to contest it by going to trial. In this suit, plaintiff seeks release from prison, as well as damages in excess of $4 million.

It is well established that the sole federal remedy for one who challenges the fact or duration of his confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). It is also well established that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under those principles, plaintiff cannot bring this § 1983 case. As plaintiff remains in custody, it is clear that his conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus" as required by *Heck*, 512 U.S. at 486-87. A finding that he is entitled to release from prison and damages for unlawful imprisonment would require a determination that he is being held in custody in violation of his constitutional rights.

Plaintiff's complaint does not contain any claim based upon the conditions of his confinement. For example, he does not allege mistreatment by institutional staff or denial of access to the courts. Instead, it is the confinement itself that plaintiff claims is unlawful and for which he seeks compensation and equitable relief.

Based upon the foregoing, I conclude that plaintiff's case must be dismissed. This § 1983 action cannot be resolved without inquiring into the validity of his confinement. Because a petition for a writ of habeas corpus is the sole federal remedy for such an inquiry, plaintiff fails to state a claim upon which relief can be granted. *See, e.g., Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Any supplemental state law claim will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED.**

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $192.62 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to

4

twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this  6th   day of April, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge